```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| BRIAN K. HAMMOND, | : |
| | : |
| Plaintiff, | :Civil Action No. 3:04-cv-1741 |
| | : |
| v. | : |
| | : |
| SOCIAL SECURITY ADMINISTRATION | :Judge Conaboy |
| JO ANNE BARNHART, | : |
| | : |
| Defendant. | : |

_____

MEMORANDUM and ORDER

Before the Court is Patricia A. Shoap's ("Plaintiff's counsel" or "counsel") Motion for Attorney Fees, (Doc. 16-1). Counsel represented Brian K. Hammond in his claim for Social Security Disability Income Benefits ("DIB") and Supplemental Security Insurance benefits ("SSI") under Title II and Title XVI of the Social Security Act. Upon remand, Mr. Hammond was found to be disabled and was awarded $55,200.00 in retroactive DIB. Counsel now seeks to enforce the contingent fee agreement reached between herself and Mr. Hammond.

The motion has been fully briefed and is now ripe for disposition. Based on the discussion below, counsel's Motion for Attorney Fees is granted.

I. Discussion

The present motion grows out of a social security case. While both the parties' briefs and the available legal authority are somewhat sparse, a clear procedure has been developed for handling fees in social security cases. Over time, the concept that

disability payments should not be diminished by costs and fees has been adapted to recognize that these cases are often contentious and some deserving claimants may be denied recovery if not for the assistance of counsel. As a result of this reality, both Congress and the legal profession have devised a method that is fair to the claimants, counsel and the government responsible for making the payments. The ultimate method agreed upon is outlined by the United States Supreme Court in *Gisbrecht v. Barnhart*, 122 S.Ct. 1817, 535 U.S. 789 (2002).

In *Gisbrecht*, the Court reconciled Congress' enactment of 406(b) with the use of contingent fee agreements in social security cases. Essentially, contingent fee agreements are appropriate so long as they do not exceed twenty-five percent (25%) and the fee is found to be reasonable. Id. at 1820. More specifically, the Court concluded that 406(b) does not displace contingent fee agreements from social security cases but rather, "406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. FN15. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits." Id. at 1828; citing 406(b)(1)(A) (1994 ed., Supp.V). (Footnote 15 omitted).

In the present case, the contingent fee agreement is for twenty-five percent. (Doc. 17-1 at 2). That amount does not

2

violate the language of 406(b).  However, the Court's decision in *Gisbrecht* requires us to determine if that fee is reasonable.  122 S.Ct. at 1828.

The underlying case in this matter presented a close legal issue.  Mr. Hammond's claim for DIB and SSI benefits was originally denied.  (Doc. 16-1 at 1).  On November 29, 2004, Counsel filed an appeal on Mr. Hammond's behalf.  (Doc. 10).  On December 22, 2004, Commissioner Barnhart filed a Motion to Remand.  (Doc. 12).  This Court granted the Commissioner's motion and Mr. Hammond was ultimately found to be disabled and was awarded $55,200.00 in retroactive DIB.  (Doc. 16-1 at 1).  It appears that were it not for the assistance of counsel, Mr. Hammond would not have recovered any disability benefits.

The government has made little argument against counsel's recovery of the fee other than to assert that the amount sought is a substantial sum.[1]  That fact, standing alone, is no reason to deny the agreed upon fee.  There is no indication whatsoever that counsel was in any way inadequate or caused any undue delay.  Additionally, the parties knowingly entered into an intelligent agreement.

---

[1] The fee amount that the Court should consider is $10,488.33, which is the amount withheld from Mr. Hammond's retroactive DIB ($13,436.25), minus the fee already paid under 406(a)($2,947.92). (Doc. 18 at 5).  Additionally, both parties agree that counsel must refund the fee recovered pursuant to the EAJA ($2,363.75) to Mr. Hammond from the attorney fee ($10,488.33) sought in this Court. (Doc. 19-1 at 2).

3

Based on the above facts, we are compelled to find that the contingent fee agreement between counsel and Mr. Hammond was reasonable.  Therefore, counsel's request for attorney fees should be granted.

II. Conclusion

Based on the foregoing discussion, Plaintiff Patricia A. Shoap's Motion for Attorney Fees is granted.


DATE: February 28, 2006           <u>S/Richard P. Conaboy</u>
                                  Richard P. Conaboy
                                  United States District Judge

```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

BRIAN K. HAMMOND,                    :
                                     :
        Plaintiff,                   :Civil Action No. 3:04-cv-1741
                                     :
    v.                               :
                                     :
SOCIAL SECURITY ADMINISTRATION       :Judge Conaboy
JO ANNE BARNHART,                    :
                                     :
        Defendant.                   :
_____

                                ORDER

   Now, this 28th  day of February, 2006, the following order is hereby entered:

1.   Plaintiff Patricia A. Shoap's Motion for Attorney Fees, (Doc. 16-1) is granted; and

2.   Plaintiff is awarded a fee of $10,488.33; and

3.   Plaintiff is directed to refund the $2,363.75 received under the Equal Access to Justice Act to Mr. Brian K. Hammond; and

4.   The clerk is directed to close this matter.



DATE: February 28, 2006           S/Richard P. Conaboy
                                  Richard P. Conaboy
                                  United States District Judge